1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TERRENCE WEBB,

11          Petitioner,                    No. 2:12-cv-0056 JAM CKD P

12      vs.

13   MAURICE JUNIOUS,

14          Respondent.           FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a California prisoner proceeding pro se with an action for violation of

17   civil rights under 42 U.S.C. § 2254.  He challenges a 2008 Solano County conviction for robbery.

18   Respondent has filed a motion arguing petitioner's habeas petition is time-barred.

19          The limitations period applicable to this action may be found at 28 U.S.C. §

20   2244(d)(1).  That statute provides as follows:

21          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment
22          of a State court.  The limitation period shall run from the latest of –

23          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such
24          review;

25          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of
26

1

the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's conviction and sentence were affirmed by the California Court of Appeal, First Appellate District, on January 7, 2010.  Answer, Ex. 1.  Because petitioner did not petition for review of that decision in the California Supreme Court, his conviction and sentence became final for purposes of 28 U.S.C. § 2244(d)(1)(A) 40 days later on February 16, 2010. Smith v. Duncan, 297 F.3d 809, 812-813 (9th Cir. 2002).  The limitations period began running the next day, on February 17, 2010, and, absent tolling, it ran out one year later on February 16, 2011 well before this action was filed in December, 2011.  Petitioner fails to point to any basis for statutory tolling, see 28 U.S.C. §2244(d)(2), but does assert he is entitled to equitable tolling,

The statute of limitations may be subject to equitable tolling if a petitioner can demonstrate that (1) he had been pursuing his rights diligently, and (2) some extraordinary circumstance prevented him from filing on time.  Holland v. Florida, 130 S. Ct. 2549, 2562 (2010).  Petitioner must show that the "extraordinary circumstance" was the cause of the untimeliness.  See Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  "[T]he threshold necessary to trigger equitable tolling . . . is very high, lest the exception swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) quoting Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002).

In an affidavit filed by petitioner on August 10, 2012, petitioner asserts he did not learn from his appellate attorney until sometime in March of 2011 that his appeal had been denied when he received word through the mail.  Petitioner appears to attribute the delay in receiving notice to the system of delivery rather than a failure of his appellate counsel to mail

notice promptly.  Petitioner also asserts that shortly after he learned his appeal had been denied, he learned the time had expired for filing a petition for review.  With the help of an inmate law clerk, petitioner filed a petition for writ of habeas corpus in the California Supreme Court in late March of 2011 which the court presumes was done in part to exhaust state court remedies which petitioner must do before obtaining relief in this court.  See 28 U.S.C. § 2254(b)(1).  The petition was denied on September 14, 2011.  Approximately nine months elapsed between petitioner learning his appeal had been denied and the date he filed his petition in this action.  Petitioner does not explain why it took him three months from the denial of his California Supreme Court petition to file here.

The court finds that petitioner not receiving word through the mail of the denial of his appeal for some fourteen months is extraordinary.  However, petitioner fails to show the extraordinary delay prevented him from filing on time.  Petitioner has not shown that he was prevented from learning the date his appeal was denied on his own initiative and early enough to still file his habeas petition on time.  Also, petitioner has not demonstrated diligence.  While the court would not require that petitioner make inquiries every month as to the status of his appeal to establish diligence, failing to make any inquiry for fourteen months does not amount to diligence.  See Drew v. Department of Corrections, 297 F.3d 1278, 1288 (11th Cir. 2002) (lengthy delay between the issuance of a necessary order and an inmate's receipt of it may provide basis for equitable tolling if the inmate demonstrates he diligently attempted to ascertain the status of the order and the delay prevented the inmate from filing a timely federal habeas petition).  Furthermore, a three month delay in filing here after receiving a denial from the California Supreme Court does not amount to diligence without a good explanation for the delay.

For all the foregoing reasons, the court will recommend that respondent's motion to dismiss this action as time-barred be granted.

/////

/////

1         Accordingly, IT IS HEREBY RECOMMENDED that:

2         1.  Respondent's March 9, 2012 motion to dismiss be granted; and

3         2.  This case be closed.

4         These findings and recommendations are submitted to the United States District

5   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

6   one days after being served with these findings and recommendations, any party may file written

7   objections with the court and serve a copy on all parties.  Such a document should be captioned

8   "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner

9   may address whether a certificate of appealability should issue in the event he files an appeal of

10  the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

11  court must issue or deny a certificate of appealability when it enters a final order adverse to the

12  applicant).  Any reply to the objections shall be served and filed within fourteen days after

13  service of the objections.  The parties are advised that failure to file objections within the

14  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

15  F.2d 1153 (9th Cir. 1991).

16   Dated: September 11, 2012

17

18  CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

19

20  1
21  webb0056.157

22

23

24

25

26